**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ELIAS BRITO-BRITO,

Petitioner,

v.

Case No. 2:26-cv-02706-MIS-DLM

WARDEN, ERO El Paso Camp East Montana; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Acting Director, Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Elias Brito-Brito's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed August 17, 2026. Although the Parties' submissions do not provide extensive detail, Petitioner is a citizen of Guatemala who has resided in the United States since at least 2019. See generally Pet. On March 9, 2019, an Immigration Judge issued an Order of Removal that Petitioner did not appeal. Id. at 4. On December 9, 2025, several years after the Order of Removal, Petitioner was taken into custody by U.S. Immigration and Customs Enforcement ("ICE"). Id. He has apparently been detained ever since, and, when he filed this petition, he was detained at the Otero County Processing Center in

Chaparral, New Mexico. Id. at 1.[1] Petitioner argues in this Petition that his prolonged detention violates his Fifth Amendment right to due process. Pet. at 7. He seeks immediate release from detention. Id.

On August 18, 2026, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to answer the petition and show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings." Id.

On September 1, 2026, the federal Respondents filed a "Response [to the] Petition." ECF No. 11.[2] Respondents do not challenge the Petitioner's factual assertions and acknowledge that the "issue in this case is the constitutionality of ICE's confinement, of approximately nine months, of a petitioner who is subject to a longstanding final order of removal—and whose "anticipated timeline [for] remov[al] is unknown." Id. at 1. Respondents further acknowledge that "ICE cannot provide a timeline as to when it will be able to remove Petitioner." Id. at 2. Thus, Respondents state that "[t]his Court has granted release to petitioners held under 8 U.S.C. § 1231 for more than six months where there was no significant likelihood of removal in the reasonably foreseeable future." Id. at 1 (citing cases). The Respondents thus conclude that the "facts [in this case do not appear to be] distinguishable from [the Court's] prior rulings." Id. at 2.

[1] Petitioner was, at some point, transferred to Camp East Montana in El Paso, Texas, although the precise date of the transfer is not clear from the Parties' submissions. ECF No. 14 ("Notice of Current Custodial Location"); ECF No 11-1.

[2] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition and failure to provide any details to rebut Petitioner's allegation constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process.

Indeed, Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over nine months, with no reasonably foreseeable end in sight, is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-

GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. See generally ECF 11. Therefore, the Court orders his immediate release. The Court further orders that Petitioner shall not be re-detained absent (1) evidence that Petitioner has committed a crime or absconded, or (2) concrete plans to remove Petitioner in the imminent future pursuant to a valid final order of removal. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Elias Brito-Brito from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded, or (2) concrete plans to remove Petitioner in the imminent future pursuant to a valid final order of removal;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE